## MERRITT v. MERRITT.

### No. 5211.

Court of Appeals of the District of Columbia.

Argued Nov. 4, 1931.

Decided Dec. 7, 1931.

George C. Shinn and George E. Sullivan, both of Washington, D. C., for appellant.

Robert G. Merritt, of Alexandria, Va., in pro. per., and Raymond Neudecker, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

Appeal from a decree in a suit for maintenance brought by a wife against her husband.

Plaintiff and defendant, now appellant and appellee, were married in 1913, and lived together until 1925, at which time they had two living children. In that year plaintiff left defendant, taking the children with her. She then brought suit for maintenance, charging cruelty, which was denied by defendant. A decree entitled "Final Decree for Separate Maintenance" was rendered in the case on June 5, 1925, awarding plaintiff the custody of the children, and the sum of $100 per month, "as permanent separate maintenance for the support of herself and minor children." Defendant was to be allowed to see and have the children at reasonable times weekly, but was not to take them beyond the jurisdiction of the court, and was permanently restrained from molesting the plaintiff.

The parties consented upon the record to this decree and lived apart for about a year, when they became reconciled and again lived together as husband and wife. Another child was born to them within this period. In February, 1930, plaintiff again left defendant, taking the three children with her, again charging him with cruelty.

Plaintiff then filed a petition in the same case, calling it a "Petition to modify decree, for custody of children, and maintenance." This petition set out certain changes occurring in the condition of the parties since the former consent decree was entered into, and prayed for the custody of the three children and for maintenance. Defendant filed an answer denying the charges of cruelty. Plaintiff filed a reply.

Thereupon the court refused to hear testimony upon the issues made by these pleadings, and ordered that the petition of the plaintiff to modify the decree of July 5, 1925, be overruled, and that such decree be continued in full force and effect.

Exception was taken by plaintiff to the refusal of the court to hear testimony upon the issues made by the pleadings, and this is assigned as error in the present appeal.

In our opinion the plaintiff was entitled to present her evidence to the court upon the issues made by the pleadings, especially in view of the altered conditions alleged by her as existing since the former consent decree was entered. Alfred Richards Brick Company v. Trott, 16 App. D. C. 293.

The decree of the lower court is therefore reversed, and the cause is remanded for trial, subject, nevertheless, to the order that pendente lite the plaintiff shall have the custody of the three children of the parties, and the defendant shall remain bound to pay plaintiff for her maintenance and that of the children the sum of $100 per month payable upon the first day of each month.

Reversed.